UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF THE OPERATIVE PLASTERERS'
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 262 f/k/a 530 WELFARE
FUND, ANNUITY FUND, PENSION FUND           Docket No.:   08 CV 0886
and APPRENTICESHIP TRAINING FUNDS and      Judge Sullivan
OPERATIVE PLASTERERS' and CEMENT
MASONS' INTERNATIONAL ASSOCIATION          **AMENDED**
LOCAL 262 f/k/a 530                        **COMPLAINT**
                        Plaintiffs,

            -against-

BESSER & SONS DRYWALL, INC.

                        Defendant.
-------------------------------------------------------------x

      Plaintiffs, Trustees of the Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 Welfare Fund, Annuity Fund, Pension Fund and Apprenticeship Training Funds and Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 (hereinafter referred to as the "Funds") and by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

## JURISDICTION AND VENUE

      1.    This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and an Officer of the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

**PARTIES**

5. The Plaintiffs Trustees is, at all relevant times, the fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.  The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which includes payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Painting Industry Promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7.  The Funds' principal office is located and administered at 2241 Conner Street, Bronx, New York 10466, County of Bronx.

8.  The Plaintiffs Union, Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 maintains its offices and is administered at 2241 Conner Street, Bronx, NY 10466 in the County of Bronx

9.  Upon information and belief, the defendant, Besser & Sons Drywall, Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and

1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10.    Upon information and belief, the Employer is a domestic corporation doing business in the State of New York with its principal place of business at 40 Wallace Avenue, Staten Island, NY, County of Richmond.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11.    The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or a member of Employer Association which has an agreement with the Union.

12.    The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

13.    Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

14.    The Employer has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the collective bargaining agreement and in accordance with the Trust Indentures in the minimum amount of $10,143.54.

15. These amounts described in paragraph 14 above are due and owing to the Funds and Union for the period October 1, 2005 to September 30, 2006 and continuing.

16. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the collective bargaining agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

17. Pursuant to the collective bargaining agreement, all delinquent contributions to the Funds shall bear interest of seven and quarter percent (7.25%) of delinquency amount per month, attorney's fees, liquidated damages, audit fee and all reasonable costs, fees and disbursements incurred in collection of delinquencies.

18. Accordingly, the Employer is liable to Plaintiffs for contributions in the minimum amount of $10,143.54 in contributions, interest, fees, plus liquidated damages and reasonable court costs, fees and disbursements incurred.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21. The Defendant, Employer has failed to pay or timely pay the Fringe Benefit contributions to Plaintiffs owed as a result of work performed by individual

employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22.     Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23.     The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24.     Accordingly, the Defendant is liable to Plaintiffs under the collective bargaining agreement and any Trust Indenture concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25.     Accordingly, the Defendant is liable to the Funds in the minimum amount of $10,143.54 in contributions, interest, fees, plus liquidated damages and reasonable court costs, fees and disbursements incurred in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**AS AND FOR A THIRD CLAIM FOR RELIEF**

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 25" above of this Complaint as if set forth at length herein.

27. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer and the Defendant are required to timely submit current fringe benefit contributions and reports to Plaintiffs.

28. Upon information and belief, the Defendant has in the past failed to timely submit current benefit fund contributions, and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

29. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendants fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**

30. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if set forth at length herein.

31. The financial integrity of the plaintiff funds and the allocation of proper eligibility and credits to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

32.     Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

33.     The failure of the Employer to promptly remit reports and payment will cause plaintiff immediate and irreparable injury unless the Employer is enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

34.     By reason of the foregoing, plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, BESSER & SONS DRYWALL, INC. on all the claims for relief as follows:

As and For the First, Second Claim for Relief:

(a) In the minimum sum of $10,143.54 in unpaid benefit contributions to the Funds for work performed for the period October1,2005 to September 30 2006, interest calculated at seven and quarter (7.25%) percent of the delinquency amount per month from the date of the delinquency plus liquidated damages calculated at 20% of principal amount due;

(b) Attorney's fee, audit fees and court costs and disbursements incurred as set forth in the Collective Bargaining Agreement and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

As and For the Third Claim for Relief:

(a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principle plus interest and liquidated damages.

As and For the Fourth Claim for Relief:

      (a) A permanent injunction enjoining the Employer, its officers, directors, agents and representatives from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion.

As and For All Claims for Relief:

      (a) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
      March 19, 2008

      Respectfully submitted,

By:_____s/_____
Danielle M. Carney, Esq. (DMC 7471)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
Attorneys for Plaintiff
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

08cv0886amended.com