UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE OPERATIVE PLASTERERS' and CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL 262 f/k/a 530 ANNUITY FUND, WELFARE FUND, APPRENTICESHIP TRAINING FUND and PENSION FUND and OPERATIVE PLASTERERS' and CEMENT MASONS' INTERNATIONAL ASSOCIATION LOCAL 262 f/k/a LOCAL 530 <br><br> Plaintiffs, <br><br> -against- <br><br> BESSER & SONS DRYWALL, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) 08-CV-0886 (Sullivan) <br><br> **AFFIRMATION FOR** <br> **JUDGMENT BY DEFAULT** |

State of New York      :      ss:
County of Nassau      :

Danielle M. Carney, being duly sworn, says:

1. I am a member of the Bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances hereinafter set forth.

2. I make this affidavit pursuant to section 55 of the Federal Rules of Civil Procedure in support of plaintiff's application for the entry of a default judgment against defendant.

3. This is an action for an Order requiring the Defendant to pay contributions owed pursuant to audit and pursuant to a Collective Bargaining Agreement.

4. Jurisdiction of the subject matter of this action is based on 29 U.S.C. Section 1132(e)(i).

5. This action was commenced on January 24, 2008 by the filing of the summons and complaint. Annexed hereto and made a part hereof as "Exhibit A" is the Summons and Complaint. A copy of the Summons and Complaint was served on the defendant on February 26, 2008 and proof of service by the process server was filed with this Court on March 17, 2008. Annexed hereto and made a part hereof as "Exhibit B" is the Affidavit of Service. An amended Complaint was filed with the Court on March 24, 2008. Annexed hereto and made a part hereof as Exhibit C, is a copy of the Amended Complaint. A copy of the Amended Complaint was served on the Defendant on April 10, 2008 and proof of service by the Process Server was filed with the Court on May 12, 2008. Annexed hereto and made a part hereof as Exhibit D is the Affidavit of Service. The defendant has not answered the complaint or amended complaint and the time for the defendant to answer the complaint and amended complaint or otherwise move in regard to it has expired.

6. The amended complaint seeks contributions owed for the period 10/1/05 to 9/30/06 as determined by an audit. Attached as Exhibit E is a copy of the audit indicating a total amount of $10,143.54.

7. This action seeks judgment for $13,485.68 which includes the contributions owed in the amount of $7,685.70, dues in the amount of $840.63; interest in the amount of $557.21 (calculated at 7.25% of the contributions owed), liquidated damages in the amount of $1,537.14 (20% of $7,685.70); attorney fees in the amount of $1,880.00; audit fees in the amount of $560.00 and court costs and disbursements in the amount of $425.00 as detailed in the annexed Statement of Damages, which is justly due and owing, and no part of which has been paid except as therein set forth. Attached hereto as Exhibit

F is a copy of the process server bill in the amount of $75.00 and the Statement of Damages is attached hereto as Exhibit G.

8. The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

9. Since this action is based on an audit and costs which are not "susceptible of mathematical computation", there is no need to prove the amount of damages at an inquest proceeding. Muskin v. Ketchum, 2004 U.S. District, Lexis 20976 (SDNY 2004).

10. The Defendant is a domestic business corporation and thereby is not an infant or an incompetent.

11. The attorney's fees are calculated as follows:

- Sent demand letter regarding audit results     $500.00
- Prepared and filed Summons and Complaint     2.6 hours
- Sent Complaint out for service     .3 hours
- Prepared and filed Amended Complaint     1.5 hours
- Prepared request for Default Judgment     2.5 hours

          6.9 hours

Total: 6.9 hours x $200 per hour=$1380 + $500 = $1,880

**WHEREFORE**, plaintiff requests the entry of Default and the entry of the annexed Judgment against the defendant.

Dated: May 12, 2008

Danielle M. Carney (DMC7471)
BARNES, IACCARINO, VIRGINIA,
AMBINDER& SHEPHERD, PLLC
Three Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TRUSTEES OF THE OPERATIVE PLASTERERS'
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 262 f/k/a 530 WELFARE
FUND, ANNUITY FUND, PENSION FUND
and APPRENTICESHIP TRAINING FUNDS and
OPERATIVE PLASTERERS' and CEMENT
MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262 f/k/a 530
          Plaintiffs,

       -against-

BESSER & SONS DRYWALL, INC.

                      Defendant.

------------------------------------------------------------x

JUDGE SULLIVAN

**08 CV 0886**

**SUMMONS**

TO: (Name and Address of Defendant)

Mr. Ronald Besser
Besser & Sons Drywall, Inc.
40 Wallace Avenue
Staten Island, NY 10305

     **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this
Court and serve upon:

PLAINTIFFS' ATTORNEY (Name and Address)

Danielle M. Carney, Esq.
Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC
3 Surrey Lane, Suite 200
Hempstead, NY 11550

an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON

CLERK *Marios Quintero*

BY DEPUTY CLERK

JAN 2 4 2008

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TRUSTEES OF THE OPERATIVE PLASTERERS'
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 262 f/k/a 530 WELFARE
FUND, ANNUITY FUND, PENSION FUND
and APPRENTICESHIP TRAINING FUNDS and
OPERATIVE PLASTERERS' and CEMENT
MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262 f/k/a 530

**JUDGE SULLIVAN**

Docket No.:

**08 CV 0886**

Filed:

**COMPLAINT**



Plaintiffs,

-against-

BESSER & SONS DRYWALL, INC.

Defendant.

-----------------------------------------------------------------x

Plaintiffs, Trustees of the Operative Plasterers' and Cement Masons' International

Association, Local 262 f/k/a 530 Welfare Fund, Annuity Fund, Pension Fund and

Apprenticeship Training Funds and Operative Plasterers' and Cement Masons'

International Association, Local 262 f/k/a 530 (hereinafter referred to as the "Funds") and

by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as

follows:

## JURISDICTION AND VENUE

1.    This action is based on the provisions of Section 301 of the Labor

Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29

U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee

Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29

U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2.      Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.      Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4.      This action is brought by the respective Trustees of the Funds in their fiduciary capacities and an Officer of the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5.      The Plaintiffs Trustees is, at all relevant times, the fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the

Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29

U.S.C. Section 1002(16)(B)(iii)).

     6.    The Funds provide fringe benefits to eligible employees, retirees and their

dependents on whose behalf the Employer is required to contribute to the Funds pursuant

to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between

the Employer and the Union. The Funds are authorized to collect contributions which

includes payments for life insurance, hospitalization, medical care, vacation, annuity,

pension benefits and Painting Industry Promotion Fund and Union dues check-off on

behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of

the Funds are authorized to maintain suit as independent legal entities under Section

502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to

enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of

employee benefit rights.

     7.    The Funds' principal office is located and administered at 2241 Conner

Street, Bronx, New York 10466, County of Bronx.

     8.    The Plaintiffs Union, Operative Plasterers' and Cement Masons'

International Association, Local 262 f/k/a 530 maintains its offices and is administered at

2241 Conner Street, Bronx, NY  10466 in the County of Bronx

     9.    Upon information and belief, the defendant, Besser & Sons Drywall, Inc.

(hereinafter referred to as "the Employer") at all relevant times, was

and is an "employer" within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10.    Upon information and belief, the Employer is a domestic corporation doing business in the State of New York with its principal place of business at 40 Wallace Avenue, Staten Island, NY, County of Richmond.

### CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF

11.    The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or a member of Employer Association which has an agreement with the Union.

12.    The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

13.    Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

14.    The Employer has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the collective bargaining agreement and in accordance with the Trust Indentures in the minimum amount of $26,934.22 in benefit contributions.

15.    These amounts described in paragraph 14 above are due and owing to the Funds and Union for the period March 1, 2006 to June 30, 2006 and continuing.

16.    The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the collective bargaining agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

17.    Pursuant to the collective bargaining agreement, all delinquent contributions to the Funds shall bear interest of six percent (6%) of delinquency amount per month, attorney's fees, liquidated damages, audit fee and all reasonable costs, fees and disbursements incurred in collection of delinquencies.

18.    Accordingly, the Employer is liable to Plaintiffs for contributions in the minimum amount of $26,934.22 in benefit contributions, plus interest, attorney's fees, liquidated damages and reasonable court costs, fees and disbursements incurred.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20.    Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21.    The Defendant, Employer has failed to pay or timely pay the Fringe Benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22.    Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23.    The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24.    Accordingly, the Defendant is liable to Plaintiffs under the collective bargaining agreement and any Trust Indenture concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25.    Accordingly, the Defendant is liable to the Funds in the minimum amount of $26,934.22 in unpaid benefit contributions, plus liquidated damages, interest,

reasonable attorney's fees, audit fees and costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

26.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 25" above of this Complaint as if set forth at length herein.

27.    Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer and the Defendant are required to timely submit current fringe benefit contributions and reports to Plaintiffs.

28.    Upon information and belief, the Defendant has in the past failed to timely submit current benefit fund contributions, and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

29.    During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendants fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

30.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if set forth at length herein.

31.    The financial integrity of the plaintiff funds and the allocation of proper eligibility and credits to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

32.    Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

33.    The failure of the Employer to promptly remit reports and payment will cause plaintiff immediate and irreparable injury unless the Employer is enjoined from

failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

34.     By reason of the foregoing, plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, BESSER & SONS DRYWALL, INC. on all the claims for relief as follows:

As and For the First, Second Claim for Relief:

> (a) In the minimum sum of $26,934.22 in unpaid benefit contributions to the Funds for work performed for the period 3/1/2006-6/30/06 plus interest calculated at six (6%) percent of the delinquency amount per month from the date of the delinquency and liquidated damages calculated at 20% of principal amount due;
>
> (b) Attorney's fee, audit fees and court costs and disbursements incurred as set forth in the Collective Bargaining Agreement and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

As and For the Third Claim for Relief:

> (a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principle plus interest and liquidated damages.

As and For the Fourth Claim for Relief:

> (a) A permanent injunction enjoining the Employer, its officers, directors, agents and representatives from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion.

As and For All Claims for Relief:

(a) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
        January 22, 2008

Respectfully submitted,

By: _____
Danielle M. Carney, Esq. (DMC 7471)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
Attorneys for Plaintiff
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

**PLEASE TAKE NOTICE**

☒    that the within is a (certified) true copy of a
                   entered in the office of
the clerk of the within named Court on

☐    that an Order of which the within is a true copy
will be presented for settlement to the
Honorable                 one of
the judges of the within named Court, at
                        on
                        , at

Dated: _____

**BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC**

Attorney(s) for

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550

Pursuant to 22 NYCRR 130-1.1, the undersigned, an
attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.

Dated: _____     _____
                  Print signer's name

**BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC**

Attorney(s) for

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550

To

Attorney(s)  for

Index No.                  Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE OPERATIVE
PLASTERERS and CEMENT MASONS, et. al.

               Plaintiffs,

    v.

BESSER & SONS DRYWALL, INC.

             Defendant.

COMPLAINT

**BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC**

Attorney(s) for

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550
(516) 483-2990

To

Attorney(s)  for

Service of a copy of the within
                           is hereby admitted.

Dated,

Attorney(s)  for

COUNTY OF

UNITED STATES DISTRICT COURT

INDEX NO:  08cv0886

FILED ON:

DISTRICT:  Southern/New York

Trustees of the Operative Plasters' and Cement Masons' International Association Local 262 f/k/a 530 Welfare Fund, Annuity Fund, Pension Fund and Apprenticeship Training Funds and Operative Plasterers' and Cement Masons' International Association Local 262 f/k/a 530

vs

Besser & Sons Drywall, Inc.

Plaintiff(s)

Defendant(s)

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

## AFFIDAVIT OF SERVICE
## BY THE SECRETARY OF STATE

_____ Shayne Collen _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____ February 26, 2008 _____ at _____ 9:53am _____ at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

_____ Summons, Fed R CIV 7.1 and Complaint _____

_____ , on

_____ Besser & Sons Drywall, Inc. _____

Defendant in this action, by delivering to and leaving with _____ Donna Christie _____ , Authorized Agent, in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State the statutory fee, if required. Service was made pursuant to Section _306 Business Corporation Law_ .

☐   Service was completed by mailng notice of such service and one (1) true copy thereof by         ☐ Registered or

☐ 1st Class Mail and Certified Mail, # _____ , Return Receipt Requested on _____

to said defendant at: _____

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:  Approx. Age: _44 years_      Approx. weight: _130 lbs_      Approx. Ht.: _5'5"_

Sex: _female_    Color of skin: _white_    Color of hair: _brown_    Other: _____

Sworn to before me on _____ February 27, 2008 _____

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4865530, Qualified in Albany County
Term Expires July 14, 2010

Shayne Collen

Invoice•Work Order # 0801442

## Service of Process:

1:08-cv-00886-RJS Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 et al v. Besser & Sons Drywall, Inc.
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered by Carney, Danielle on 3/17/2008 at 11:18 AM EDT and filed on 3/17/2008

| | |
|---|---|
| **Case Name:** | Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 et al v. Besser & Sons Drywall, Inc. |
| **Case Number:** | 1:08-cv-886 |
| **Filer:** | Operative Plasterers' and Cement Masons' International Association Local 262 |
| **Document Number:** | 3 |

**Docket Text:**
**SUMMONS RETURNED EXECUTED. Besser & Sons Drywall, Inc. served on 2/26/2008, answer due 3/17/2008. Service was accepted by Secretary of State. Document filed by Operative Plasterers' and Cement Masons' International Association Local 262. (Carney, Danielle)**

**1:08-cv-886 Notice has been electronically mailed to:**

Danielle Marlene Carney    dcerone@bivaslaw.com

**1:08-cv-886 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/17/2008] [FileNumber=4378079-0
] [1d3bb108548c9cda22738294b70c760ea02f121d12b8127d280ad029bd3a451ea4b
3c3b68055aa3b23050d93ead7947f8042eaf6e7d3539581339551990f75de]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

TRUSTEES OF THE OPERATIVE PLASTERERS'
and CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 262 f/k/a 530 WELFARE
FUND, ANNUITY FUND, PENSION FUND
and APPRENTICESHIP TRAINING FUNDS and
OPERATIVE PLASTERERS' and CEMENT
MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262 f/k/a 530



Docket No.:   08 CV 0886
Judge Sullivan

**AMENDED
COMPLAINT**

                              Plaintiffs,

              -against-

BESSER & SONS DRYWALL, INC.

                              Defendant.

------------------------------------------------------------x

Plaintiffs, Trustees of the Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 Welfare Fund, Annuity Fund, Pension Fund and Apprenticeship Training Funds and Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 (hereinafter referred to as the "Funds") and by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

## JURISDICTION AND VENUE

1.    This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2.      Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.      Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4.      This action is brought by the respective Trustees of the Funds in their fiduciary capacities and an Officer of the Union for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5.      The Plaintiffs Trustees is, at all relevant times, the fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.      The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which includes payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Painting Industry Promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7.      The Funds' principal office is located and administered at 2241 Conner Street, Bronx, New York 10466, County of Bronx.

8.      The Plaintiffs Union, Operative Plasterers' and Cement Masons' International Association, Local 262 f/k/a 530 maintains its offices and is administered at 2241 Conner Street, Bronx, NY 10466 in the County of Bronx

9.      Upon information and belief, the defendant, Besser & Sons Drywall, Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and

1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10.     Upon information and belief, the Employer is a domestic corporation doing business in the State of New York with its principal place of business at 40 Wallace Avenue, Staten Island, NY, County of Richmond.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11.     The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or a member of Employer Association which has an agreement with the Union.

12.     The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

13.     Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

14.     The Employer has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the collective bargaining agreement and in accordance with the Trust Indentures in the minimum amount of $10,143.54.

15.    These amounts described in paragraph 14 above are due and owing to the Funds and Union for the period October 1, 2005 to September 30, 2006 and continuing.

16.    The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the collective bargaining agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

17.    Pursuant to the collective bargaining agreement, all delinquent contributions to the Funds shall bear interest of seven and quarter percent (7.25%) of delinquency amount per month, attorney's fees, liquidated damages, audit fee and all reasonable costs, fees and disbursements incurred in collection of delinquencies.

18.    Accordingly, the Employer is liable to Plaintiffs for contributions in the minimum amount of $10,143.54 in contributions, interest, fees, plus liquidated damages and reasonable court costs, fees and disbursements incurred.

### AS AND FOR A SECOND CLAIM FOR RELIEF

19.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20.    Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21.    The Defendant, Employer has failed to pay or timely pay the Fringe Benefit contributions to Plaintiffs owed as a result of work performed by individual

employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22.    Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23.    The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24.    Accordingly, the Defendant is liable to Plaintiffs under the collective bargaining agreement and any Trust Indenture concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25.    Accordingly, the Defendant is liable to the Funds in the minimum amount of $10,143.54 in contributions, interest, fees, plus liquidated damages and reasonable court costs, fees and disbursements incurred in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

26.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 25" above of this Complaint as if set forth at length herein.

27.    Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer and the Defendant are required to timely submit current fringe benefit contributions and reports to Plaintiffs.

28.    Upon information and belief, the Defendant has in the past failed to timely submit current benefit fund contributions, and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

29.    During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendants fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

30.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "29" of this Complaint as if set forth at length herein.

31.    The financial integrity of the plaintiff funds and the allocation of proper eligibility and credits to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

32.     Plaintiff Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

33.     The failure of the Employer to promptly remit reports and payment will cause plaintiff immediate and irreparable injury unless the Employer is enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to plaintiffs.

34.     By reason of the foregoing, plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligation of Employer to plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, BESSER & SONS DRYWALL, INC. on all the claims for relief as follows:

As and For the First, Second Claim for Relief:

   (a) In the minimum sum of $10,143.54 in unpaid benefit contributions to the Funds for work performed for the period October1,2005 to September 30 2006, interest calculated at seven and quarter (7.25%) percent of the delinquency amount per month from the date of the delinquency plus liquidated damages calculated at 20% of principal amount due;

   (b) Attorney's fee, audit fees and court costs and disbursements incurred as set forth in the Collective Bargaining Agreement and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

As and For the Third Claim for Relief:

   (a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principle plus interest and liquidated damages.

As and For the Fourth Claim for Relief:

(a) A permanent injunction enjoining the Employer, its officers, directors, agents and representatives from violating the terms of this or successive Collective Bargaining Agreements and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion.

As and For All Claims for Relief:

(a) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
        March 19, 2008

Respectfully submitted,

By: _____

Danielle M. Carney, Esq. (DMC 7471)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
Attorneys for Plaintiff
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

08cv0886amended.com

*Index No.* 08-CV-0886               *Year*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Trustees of the Operative
Plasterers and Cement Masons, et. al.

Plaintiffs,

v.

Besser & Sons Drywall, Inc.

Defendant.

AMENDED COMPLAINT

**BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

*Attorney(s) for*

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550
(516) 483-2990

*To*

*Attorney(s)   for*

*Service of a copy of the within*

*is hereby admitted.*

*Dated,*

*Attorney(s)   for*

---

PLEASE TAKE NOTICE

☐  *that the within is a (certified) true copy of a*
*entered in the office of*
*the clerk of the within named Court on*

☐  *that an Order of which the within is a true copy*
*will be presented for settlement to the*
*Honorable                    one of*
*the judges of the within named Court, at*
*on*
*, at*

*Dated:* _____

**BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

*Attorney(s) for*

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an
attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.*

*Dated:* _____      _____
                         *Print signer's name*

**BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

*Attorney(s) for*

THREE SURREY LANE
HEMPSTEAD, NEW YORK 11550

*To*

*Attorney(s)   for*

|  | **COUNTY OF** | **INDEX NO: 08CV0886** |
|---|---|---|
|  |  | **FILED ON:** |
| UNITED STATES DISTRICT COURT |  | **DISTRICT: Southern/New York** |

*Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 f/k/a 530 Welfare Fund, Annuity Fund, Pension Fund, and Apprenticeship Training Funds and Operative Plasterers' and Cement Masons' International Association Local 262 f/k/a 530*

**vs**                                                                                    Plaintiff(s)

*Besser & Sons Drywall, Inc.*

Defendant(s)

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

### AFFIDAVIT OF SERVICE
### BY THE SECRETARY OF STATE

_____ Shayne Collen _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____ April 10, 2008 _____ , at __ 8:10 am __ , at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

Summons, Fed R. CIV 7.1 and Amended Complaint

_____ , on

Besser & Sons Drywall, Inc.

Defendant in this action, by delivering to and leaving with ____ Donna Christie ____ , Authorized Agent, in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State the statutory fee, if required. Service was made pursuant to Section   306 Business Corporation Law .

☐  Service was completed by mailing notice of such service and one (1) true copy thereof by        ☐ Registered or

☐ 1st Class Mail and Certified Mail, # _____ , Return Receipt Requested on _____

to said defendant at: _____ .

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:  Approx. Age: **44 years**      Approx. weight: **130 lbs**      Approx. Ht.: **5'5"**

Sex: **female**    Color of skin: **white**    Color of hair: **brown**    Other: _____

Sworn to before me on_____ April 17, 2008 _____

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4865530, Qualified in Albany County
Term Expires July 14, 2010

_____
Shayne Collen

Invoice-Work Order # 0802883

## Service of Process:

1:08-cv-00886-RJS Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 et al v. Besser & Sons Drywall, Inc.
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Carney, Danielle on 5/12/2008 at 9:25 AM EDT and filed on 5/12/2008

| | |
|---|---|
| **Case Name:** | Trustees of the Operative Plasterers' and Cement Masons' International Association Local 262 et al v. Besser & Sons Drywall, Inc. |
| **Case Number:** | 1:08-cv-886 |
| **Filer:** | Operative Plasterers' and Cement Masons' International Association Local 262 |
| **Document Number:** | 6 |

**Docket Text:**
**SUMMONS RETURNED EXECUTED. Besser & Sons Drywall, Inc. served on 4/10/2008, answer due 4/30/2008. Service was accepted by Secretary of State. Document filed by Operative Plasterers' and Cement Masons' International Association Local 262. (Carney, Danielle)**


**1:08-cv-886 Notice has been electronically mailed to:**

Danielle Marlene Carney     dcerone@bivaslaw.com

**1:08-cv-886 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/12/2008] [FileNumber=4571832-0
] [2ab2c8f4f7d9651a18dcf2ac6c18717b2b7836702708d4d27738c14302b36d13ae5
27b8e3157b3655e5b3a0adee7abf8e5602915526277e2890f59b261bd34c7]]

*08 - 0886*

## WAGNER & ZWERMAN LLP
*Certified Public Accountants*

Mark Wagner, CPA

Andrew M. Zwerman, CPA

450 WIRELESS BLVD.
HAUPPAUGE, NY 11788
(631) 777-1000 Fax(631)777-1008
e-mail: staff@wzcpafirm.com

## Plasterers' - Local 530 Funds
## Compliance Audit Report

EMPLOYER:      BESSER & SONS DRYWALL INC.
ADDRESS:       118 OLYMPIA BLVD.
               STATEN ISLAND, NY 10305
TELEPHONE:     718-816-6283
CONTACT:       RONNIE BESSER

Audit Date      5/8/2007
Audit Compl.    5/18/2007
Auditor : Demetri Katartzis
Type of Payroll: INHOUSE
Prior Audit PD.: ADP

### AUDIT PERIOD:10/1/2005-9/30/2006

## Schedule of Fringe Benefits Due

| FUNDS | BENEFITS DUE |
|---|---|
| HEALTH & WELFARE | $1,720.40 |
| VACATION | $1,765.28 |
| ANNUITY | $2,371.16 |
| APPRENTICE | $149.60 |
| INDUSTRY ADVANCE | $93.50 |
| Sub-Total DEFICIENCY: | $6,099.94 |
| ADD LOCAL 60 PENSION | $1,585.76 |
| TOTAL DEFICIENCY | $7,685.70 |
| WORKING DUES @ 5%: | $ 636.50 |
| 1% INTERNATIONAL ASSESMENT: | $ 204.13 |
| INTEREST @5.25% PLUS 2% | $ 557.21 |
| AUDIT FEES: | $ 560.00 |
| Attorney/Legal Fees: | $ 500.00 |
| TOTAL DEFICIENCY : | $10,143.54 |

Local 530 Plasterers'
COMPUTATION OF DEFICIENCIES

EMPLOYER :Besser & Sons Drywall

PERIOD: 2/1/2006-6/30/2006

**SCHEDULE OF UNREPORTED HOURS :**

| FUNDS | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|
| HEALTH & WELFARE | 374 | $4.60 | $1,720.40 |
| VACATION | 374 | $4.72 | $1,765.28 |
| ANNUITY | 374 | $6.34 | $2,371.16 |
| APPRENTICE TRAINING | 374 | $0.40 | $149.60 |
| INDUSTRY ADVANCEMENT | 374 | $0.25 | $93.50 |
| PENSION | 374 | $4.24 | $1,585.76 |
| | | | $7,685.70 |

Union Dues Assessment:

**Total Unreported Dues:**    Wages:    $ 12,729.92  x 5% =    **$    636.50**

| 1 % International Assessment:<br>374 hrs x 34.03 = $12,727.22<br>Wages & Benefits subject to 1% ($7,685.70 plus $12,727.22 =$ 20,412.92 X  1% ) | **$    .    204.13** |
|---|---|

**BESSER & SONS DRYWALL**
**Local 530 Payroll Audit**
**Period:2006**

| re.plasterers-<br>Journeymen | Rate | | FEB.06 | March 06 | APRIL06 | MAY06 | Hrs /Diff | PAYROLL | WAGES/DUES:<br>REPORTED | DIFF IN WAGES |
|---|---|---|---|---|---|---|---|---|---|---|
| MARVIN BILLY | 34.03 | Audit Hrs: | 0 | 133 | 175 | 35 | | | | |
| | | Reported Hrs: | 0 | 121 | 0 | 0 | | | | |
| | | Difference | 0 | 12 | 175 | 35 | 222 | $ 11,672.99 | $ 4,117.63 | $ 7,555.36 |
| D'AGUILAR, GARY | 34.03 | Audit Hrs: | 0 | 140 | 70 | 28 | | | | |
| | | Reported Hrs: | 0 | 128 | 0 | 0 | | | | |
| | | Difference | 0 | 12 | 70 | 28 | 110 | $ 8,099.14 | $ 4,353.84 | $ 3,745.30 |
| ALLEYNE, DALE | 34.03 | Audit Hrs: | 0 | 63 | 0 | 0 | | | | |
| | | Reported Hrs: | 0 | 49 | 0 | 0 | | | | |
| | | Difference: | 0 | 14 | 0 | 0 | 14 | $ 2,143.89 | $ 1,667.47 | $ 476.42 |
| *SADICARIO, ALAN | 34.03 | Audit Hrs: | 0 | 0 | 0 | 28 | | | | |
| | | Reported Hrs: | 0 | 0 | 0 | 0 | | | | |
| | | Difference: | 0 | 0 | 0 | 28 | 28 | $ 952.84 | 0 | $ 952.84 |
| | | Totals: | | | | | 374 | | | $ 12,729.92 |

* Employer claims he is a member of local 1974 Tapers and was paid at the 530 rate instead of Local 1974 rate. However they were no supporting documents to prove othewise.

Tax I.D. No: 11-3192343

# CAPITAL PROCESS SERVERS, INC.

*Member of the National Association of Professional Process Servers*

265 POST AVENUE SUITE 150 WESTBURY, NEW YORK 11590            TEL. (516) 333-6380; FAX (516) 333-6382

Barnes, Iaccarino, Virginia, Ambinder & Shepherd
Danielle M. Carney Esq.
3 SURREY LANE
HEMPSTEAD , NY 11550

Invoice No.: 0812770
April 22, 2008

File No.:

| Caption: | *Trustees of the Operative Plasterers' and Cement Masons'* | Plaintiff/Petitioner |
|---|---|---|
| | *vs* | |
| | *Besser & Sons Drywall, Inc.,* | Defendant/Respondent |

Court: United States
County: _____
Index No: 08 CV 0886
Date Served: 4/10/2008

Re: **Besser & Sons Drywall, Inc. Thru Secy Of State**

Docs.Served: Summons, Fed R. CIV 7.1 and Amended Complaint

Served By: MARCY O'HARE            Place Served: 40 Wallace Avenue  Staten Island, NY 10305

| Date | Service Description | Service Fee | Fee Prepaid |
|---|---|---|---|
| 4/10/2008 | Secretary Of State Service Fee | $75.00 | |
| | **Total Service Fees and Total Fees Prepaid:** | $75.00 | |

**Terms:** Payment Is Due Upon  Receipt of Invoice- Attorney Is Responsible For All Fees

**Total Amount Due =**            $75.00

**Remarks:** SMG

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

If the Terms are that payment is due upon receipt of this Invoice, please detach this lower portion and return it with your payment.
Make checks payable to *Capital Process Servers, Inc.*

Barnes, Iaccarino, Virginia, Ambinder & Shepherd
Danielle M. Carney Esq.
3 SURREY LANE
HEMPSTEAD , NY  11550

Invoice•Work Order # 0812770
Invoice Date:   April 22, 2008
Attorney's ID# A222

Capital Process Servers, Inc.
265 Post Avenue Suite 150
Westbury, N.Y. 11590

**Total Amount Due = $75.00**

**Amount Enclosed** _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE OPERATIVE PLASTERERS' and CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL 262 f/k/a 530 ANNUITY FUND, WELFARE FUND, APPRENTICESHIP TRAINING FUND and PENSION FUND and OPERATIVE PLASTERERS' and CEMENT MASONS' INTERNATIONAL ASSOCIATION LOCAL 262 f/k/a LOCAL 530 )))))))))) | |
| Plaintiffs, | 08-CV-0886 (Sullivan) |
| | **STATEMENT OF DAMAGES** |
| -against- | |
| BESSER & SONS DRYWALL, INC. | |
| Defendant. | |

Principal Amount Due ................................................................$7685.70

Dues ................................................................................840.63

Interest calculated at (7.25%) ....................................................557.21

Liquidated damages calculated at 20% of benefit contributions ...........1537.14

**Total** ..............................................................................**$10,620.68**

Attorneys' Fees ...................................................................$1880.00

Audit Fees ........................................................................560.00

Filing Fees........................................................................350.00

Process Server Fee ................................................................75.00

**Total:** ............................................................................**$2865.00**

**GRAND TOTAL**...............................................................**$13,485.68**